PEABODY COAL COMPANY, Appellant,

v.

Andrew TAULBEE et al., Appellees.

Court of Appeals of Kentucky.

Oct. 26, 1956.

James Sampson, William A. Rice, Harlan, for appellant.

Doyle & Doyle, Harlan, for appellees.

MILLIKEN, Chief Justice.

This is an appeal from a judgment affirming an award by the Workmen's Compensation Board. The only question presented is whether an award of compensation for full disability should be upheld if the claimant is still doing work similar to that performed by him before the award was granted.

Taulbee, now about fifty-five years of age, has been a coal miner for more than thirty years, and for most of that period was employed by Peabody Coal Company. He worked chiefly as a helper on a cutting machine, which is used to undercut the coal seam. There was evidence that part of the time the cutting was through sand rock of varying degrees of silica content, and that rock dust in the air was occasionally very thick. Taulbee stated that he first learned that he had silicosis in August, 1953, when he lost consciousness in the mine. He was hospitalized during the next seven weeks and treated by the Company physician, Dr. Solomon. Dr. Solomon testified that Taulbee had silicosis and was totally disabled. The Company introduced medical testimony diametrically opposed to Dr. Solomon's diagnosis. Faced with conflicting medical evidence, the Board appointed a disinterested physician. Dr. E. J. Murray of the Julius Marks Sanatorium in Lexington, who examined Taulbee in July, 1954. Dr. Murray concluded that Taulbee was in the third stage of silicosis. He also stated that regardless of his efforts to continue working, Taulbee should not be working at that type of work, that his condition was probably permanent and

would get worse if his work remained the same.

■ The Company contends that Taulbee's remaining at his job after he was found by the Board to be completely disabled is conclusive proof that his disability is not complete. Uncontroverted testimony by Taulbee and some of his fellow workmen showed that Taulbee could not work full shifts, that he was helped by his friends whenever strenuous labor was required of him, and was allowed to rest on the job. On the face of such evidence, it was a question for the Board whether Taulbee is able to do the same job he did before the award.

■ Total disability does not mean absolute prostration or complete physical helplessness. Olson v. Triplett, 255 Ky. 724, 75 S.W.2d 366. As stated in Larson's "Workmen's Compensation Law," Section 57.51, the question is whether "an employee who is so injured that he can perform no services other than those which are so limited in quality, dependability, or quantity that a reasonably stable market for them does not exist, may well be classified as totally disabled. * * * If the medical evidence of disability is sufficiently convincing, and special reasons for claimant's continuing to work are shown, it is even possible to find total disability during a period when claimant is working at his regular job with no reduction in pay. For example, in a Kentucky case discussed earlier (Cornett-Lewis Coal Co. v. Day, 1950, 312 Ky. 221, 226 S.W.2d 951), the award to a miner who suffered a permanently crooked knee consisted both of a period of total disability and of a permanent partial allowance, although the miner had actually worked in the mines during the total disability period."

■ In the case at bar, the Board evidently considered the medical evidence sufficiently convincing to justify its conclusion that the claimant should not be working at hard labor at all and that there was no reasonably stable market for his services despite the fact that he continued to work rather steadily for the appellant. We believe that such a decision comes clearly within the powers of the Board to make—that it is an aspect of the Board's fact-finding power, and that this Court should not say as a matter of law that a man who is actually working cannot be totally disabled within the meaning of the Workmen's Compensation Law when a competent medical specialist says the man is totally disabled from a medical standpoint and definitely should not be working. The claimant's efforts to supply his financial needs in the absence of the prompt payment of compensation benefits should not be permitted to transmute the finding of facts of the Board into a question of law for this Court. KRS 342.285.

The judgment is affirmed.