MARY HELEN COAL CORPORATION, Appellant,

v.

R. L. CHITWOOD et al., Appellees.

Court of Appeals of Kentucky.

June 16, 1961.

Rehearing Denied Dec. 15, 1961.

James Sampson, William A. Rice, Sampson & Rice, Harlan, for appellant.

Herschel M. Sutton, Lohren F. Martin, Jr., Corbin, G. E. Reams, Harlan, for appellees.

WADDILL, Commissioner.

Mary Helen Coal Corporation is appealing from a judgment affirming an award of the Workmen's Compensation Board allowing appellee, R. L. Chitwood, benefits for total disability as a result of silicosis. The only question raised on the appeal is whether appellee gave appellant timely notice of his disability under the 1956 Amendment to KRS 342.316(2), which requires:

" * * * that notice of disability shall be given to the employer as soon as practicable after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur."

Appellee had worked in appellant's mine since 1926. Beginning in 1955 appellee experienced some pains in his chest and shortness of breath. However, after being advised by two physicians that they had only found traces of coal dust in his lungs, he continued to work for appellant until February 3, 1959. A lung specialist who examined appellee on March 17, 1959, found that he had silicosis and was unable to perform any labor in a mine. Appellee gave appellant notice of his disability on April 7, 1959. Although appellant concedes that it received this notice, it nevertheless contends that such notice does not satisfy the requirements of KRS 342.316(2) because appellee failed to notify appellant of his condition after he first experienced pain and difficulty in breathing in 1955.

 In view of the fact that the notice requirement of KRS 342.316(2) is "notice of disability," it necessarily follows that no notice need be given until the employee has a disability from an occupational disease.

Consequently, this subsection in substance means that before such notice is required to be given by the employee to his employer the following conditions must concur: (1) The employee has a disability from an occupational disease which impairs his capacity to perform his work, and (2) the employee knows or should know by the exercise of reasonable care and diligence that he is suffering from the disease.

 The contention of appellant that appellee's failure to give it timely notice after he had first experienced some discomfort in breathing is unavailing because there was insufficient proof that appellee had sustained a disability from an occupational disease which impaired his capacity to perform his work prior to February 3, 1959. Hence, we conclude that the Workmen's Compensation Board was amply justified in determining that the notice which appellant received from appellee on April 7, 1959, satisfied the requirements of KRS 342.316(2).

Judgment affirmed.