PEABODY COAL COMPANY, Appellant,

v.

Melvin GUTHRIE et al., Appellees.

Court of Appeals of Kentucky.

June 16, 1961.

Rehearing Denied Dec. 15, 1961.

James Sampson, William A. Rice, Sampson & Rice, Harlan, for appellant.

J. Leonard Davis, Harlan, for appellees.

WILLIAMS, Judge.

The appellee, Melvin Guthrie, worked for appellant Peabody Coal Company from 1933 until 1958. From 1944 to 1958 appellee operated a jackhammer in appellant's mine. The operation of the jackhammer in dry sandstone rock produced a congested dust condition. In 1956 appellee discovered that he was suffering from shortness of breath and from a burning sensation in his lungs. His condition became progressively worse, but he continued regular work until the mine closed in March 1958. About the first of August, 1958, appellee visited a doctor who sent him to the Harlan Memorial hospital for an examination. He was given the doctor's report on the 16th day of October, 1958, and he notified appellant of his condition about the 20th of November, 1958. Appellee was found to be suffering from Grade 2 Silicosis. Application for workmen's compensation was made before the Kentucky Workmen's Compensation Board and an order was entered approving the Referee's recommendation which allowed appellee total disability payments of $27 per week not to exceed 425 weeks and the maximum sum of $11,500. Following entry of that order and before the 14-day period that KRS 342.280 provides for full Board review had passed, motion was made by appellee to correct a clerical error. The full Board sustained appellee's motion, set aside the Referee's award and entered an award allowing appellee $32 per week not to exceed 425 weeks, and not to exceed the maximum sum of $13,600. Appeal was taken from the final award of the Workmen's Compensation Board to the Harlan Circuit Court, and from a judgment affirming appeal is made to this Court.

The appellant contends that the appellee did not give due and timely notice under KRS 342.316(2), which requires:

"* * * that notice of disability shall be given to the employer as soon as practicable after the employee first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur."

In Mary Helen Coal Corporation v. Chitwood et al., Ky., 351 S.W.2d 167, we said that the notice requirement of

KRS 342.316(2) is notice of disability, and it necessarily follows that no notice need be given under that subsection of the statute until the employee has a disability from an occupational disease. Before notice must be given the following conditions must concur: (1) The employee has a disability from an occupational disease which impairs his capacity to perform his work; and (2) the employee knows or should know by the exercise of reasonable care and diligence that he is suffering from the disease. There is no proof that appellee had a disability from an occupational disease prior to October 1958. The Workmen's Compensation Board was justified in determining that the notice which appellant received from appellee in November 1958 satisfied the requirements of KRS 342.316(2).

The Referee obviously assumed the award should be made under the law as it existed prior to August 1, 1956, in view of the fact that the award was written in words and figures of the Act as it existed prior to that date. While the appellee testified that he began having shortness of breath and a burning sensation sometime in 1956, the Referee found that he had become permanently and totally disabled on October 16, 1958, as a result of silicosis. This being true, the award should have been made in accordance with KRS 342.095 as amended, effective August 1, 1956. Appellant contends the Board had no authority to set aside the first award and enter a new one allowing appellee compensation provided under the law in effect at the time of disability. The case of Black Mountain Corporation v. Gilbert, 296 Ky. 514, 177 S.W. 2d 894, is in point. There the Board allowed the plaintiff compensation at the rate of $15 a week for a period not in excess of eight years. Plaintiff filed a motion to correct a clerical error on the theory that the law at that time allowed total disability to be paid for ten years. The defendant argued that the Board did not have authority to enter an order extending the compensable period from eight

years to ten years because its award was final. This Court held that the entry of the order changing the period from eight years to ten years did not constitute a second review of the case but merely substituted language in accordance with the law as it then existed. The same reasoning is apropos to this case. The appellee is entitled to compensation as provided by law in effect at the time his disability occurred, and the Board did no more than correct the error of the Referee, who failed to specify the correct figures.

The judgment is affirmed.