**STEPHENS ELKHORN COAL COMPANY, Appellant,**

v.

**Luther TIBBS et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 18, 1963.

Rehearing Denied Feb. 7, 1964.

Fred G. Francis (Howard, Francis & Howard), Prestonsburg, for appellant.

Dan Jack Combs, Pikeville, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board granted Luther Tibbs benefits for total disability resulting from silicosis which was contracted while working in the mine of Stephens Elkhorn Coal Company. The company seeks reversal of the judgment upholding the award on the ground that Tibbs failed to give it timely notice as required by KRS 342.316(2). Under this subsection an employe is required to give notice to his employer within a reasonable time after he has a disability from an occupational disease which impairs his capacity to perform his work and he knows (or should know by the exercise of reasonable care) that he has contracted the disease. Peabody Coal Co. v. Powell, Ky., 351 S.W.2d 172.

Tibbs had been employed by the company since 1949. During 1952 he began having respiratory trouble and filed a claim for compensation for disability due to silicosis. Upon his condition being diagnosed as tuberculosis, Tibbs' claim was dis-

missed without prejudice. Several months later he was re-employed by the company and, although suffering from chest pains, he continued to work in its mine until September 1, 1961, when he quit his job because he was unable to perform the work required of him upon being assigned to the night shift. On September 4, 1961, he gave the company notice of his disability and filed his claim with the Workmen's Compensation Board.

Upon the hearing of his claim Tibbs testified that he was informed in 1956 that he had contracted silicosis by Doctor W. C. Hambley who examined him when his chest pains and breathing difficulties worsened and that he was partially disabled to perform his work from that time until he quit his job in 1961. It was conclusively established that he is now totally disabled.

Under the rule hereinbefore stated, the requirement of giving notice was conditioned on Tibbs' having "a disability * * which impairs his capacity to perform his work." The characteristics of the disease of silicosis, and its effects on employability, are such that it is difficult to say with any certainty when "disability" arises. Without attempting to lay down a set of rules or standards for determining when disability from silicosis shall be considered to exist, we shall say that in our opinion practical realities require the conclusion that so long as the employe, after first acquiring knowledge that he has the disease, continues to be employed in full-time employment by the same employer, he cannot be considered to be disabled within the meaning of the notice statute. If, according to the *employer's* standards, the workman has sufficient capacity to be continued in full-time employment, it would seem that in practicality he is not disabled, even though by the employe's subjective standards he is not able to work to full capacity. So the fact that Tibbs testified, in the instant case, that for several months he had been unable to do a full day's work, did not establish that he was disabled within the meaning of the notice statute.

This decision is predicated, of course, on the terms of the statute in force at the time this case arose. We do not undertake to determine the effect of the 1962 amendments to the statute, KRS 342.316.

The judgment is affirmed.

MONTGOMERY, J., dissenting.

MONTGOMERY, Judge (dissenting).

In this case and in Brock v. International Harvester Company, Ky., 374 S.W.2d 507, the Court has adopted a definition of "disability" which is unique. Under the Court's definition of disability, Tibbs was not disabled despite his own statement that for several months he had been unable to do a full day's work.

The whole trouble started with an ineptly drawn statute by which occupational diseases were sought to be treated in the same way as accidental injuries. In Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167, it was held that the notice requirement of KRS 342.316(2) is "notice of disability." See also Peabody Coal Company v. Guthrie, Ky., 351 S.W.2d 168; Peabody Coal Company v. Harp, Ky., 351 S.W.2d 170; and Peabody Coal Company v. Powell, Ky., 351 S.W.2d 172. This was done despite the plain provision of the statute that the procedure for filing claims in occupational disease cases shall be "the same as in cases of accidental injury or death," with the added requirement that the employee shall give notice after he "first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur." The provisions for filing a claim and giving notice have been ignored just as though they were not in the statute. This is contrary to all rules of statutory construction and hardly requires citation of authority.

Once having ignored and departed from the plain language of the statute, the Court has been in difficulty in every occupational disease case. In this case and in the Brock case, already mentioned, the height of confusion has been reached. The majority opinions in these two cases say now that no notice of filing of claim need be given "so long as the employe, after first acquiring knowledge that he has the disease, continues to be employed in full-time employment by the same employer," despite another express provision of the statute which bars the right to compensation "unless a claim is filed * * * within one year after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever shall last occur; * * *." KRS 342.-316(3). In the Brock case, the Workmen's Compensation Board and the circuit court both held that the claim was barred under the statute.

The net effect of the two opinions is that the statute has been ignored almost entirely. The inept wording of the statute does not justify this Court's ignoring other pertinent provisions of the statute and rewriting the statute in contradiction of those provisions. The 1962 General Assembly attempted to remedy the situation by substituting "notice of claim" in lieu of "notice of disability." No doubt this will prove ineffectual.

This dissent is for the purpose of pointing up the need for a special statute on the procedure and handling of occupational disease cases. By their nature such cases cannot be and should not be handled in the same way as accidental injury cases. Neither the Legislature nor this Court has arrived at a satisfactory solution. It is hoped that the next General Assembly will address itself to this distressing and perplexing problem.