Lige BROCK et al., Appellants,

v.

INTERNATIONAL HARVESTER COM-
PANY, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1963.

Rehearing Denied Feb. 7, 1964.

Jay H. Taylor, Pineville, for appellants.

William A. Rice, Harlan, for appellee.

CULLEN, Commissioner.

The appeal is from a judgment of the circuit court affirming an order of the Workmen's Compensation Board which dismissed a claim for compensation.

Appellant, Lige Brock, worked as a miner for appellee, International Harvester Company, from 1927 until 1956, when he began to show symptoms of the disease of silicosis. On reporting his condition to the foreman on April 7, 1956, he was transferred from inside the mines to the company's machine repair shop where he continued to work until January 11, 1960.

On October 28, 1958, appellant delivered a letter to appellee company which stated that he had been examined at the Harlan Memorial Hospital and was informed that he was suffering from silicosis.

Brock testified that early in the morning on January 11, 1960, he was cleaning out the exhaust chute of the emery wheel when suddenly "the emery wheel started up and blew my face full of dust." Thereupon he became ill and went home. He did not thereafter return to work and on December 20, 1960, he filed claim for compensation. Appellee pled the statute of limitations.

The Workmen's Compensation Board ruled that the claim was barred by limitations and this ruling was upheld on appeal to the circuit court.

The pertinent statute, KRS 342.316(3), provides that a claim for compensation "for disability resulting from an occupational disease" must be filed within one year after the last injurious exposure or after the em-

ploye first experiences a distinct manifestation of the disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever shall last occur.

■ Although the commencement of the running of limitations is by the statute related to knowledge of or exposure to the *disease,* it is obvious that limitations could not commence to run in any event unless the employe has a *disability,* because the claim is for "disability resulting from an occupational disease," and certainly the statute does not contemplate that an employe must file a claim before he *has* a claim.

In Stephens Elkhorn Coal Co. v. Tibbs, Ky., 374 S.W.2d 504 (this day decided) we have held that for the purpose of the *notice* statute, KRS 342.316(2), an employe is not to be considered disabled so long as he continues in full-time employment of the same employer. We believe the same interpretation must be placed upon the limitation statute. As noted in the Tibbs case, the interpretation is of the statute as it existed when this case arose. We do not undertake to determine the effect of the 1962 amendments.

Brock was not disabled, under the rule above stated, until he terminated his employment on January 11, 1960. Therefore his claim was filed in time.

The judgment is reversed with direction to enter judgment setting aside the order of the Workmen's Compensation Board dismissing Brock's claim, and remanding the case to the board.

MONTGOMERY, J., dissenting.

MONTGOMERY, Judge (dissenting).

For the reasons stated in the dissent in Stephens Elkhorn Coal Company v. Tibbs, Ky., 374 S.W.2d 504 (decided this day), I respectfully dissent from the majority opinion herein.