**ALVA COAL CORPORATION, Appellant,**

v.

**Royce TROSPER et al., Appellees.**

Court of Appeals of Kentucky.

Feb. 7, 1964.

William A. Rice, Harlan, for appellant.

Grant F. Knuckles, W. R. Lay, Pineville, for appellees.

MONTGOMERY, Judge.

Royce Trosper, appellee, filed his claim with the Workmen's Compensation Board on the ground that he suffered total and permanent disability by reason of silicosis. The Board found that he had failed to give his employer timely notice of the fact that he was suffering from silicosis. On appeal the circuit court held that the Board was in error under the authority of Mary Helen Coal Corporation .v. Chitwood, Ky., 351 S.W.2d 167, and related cases. Those cases had not been decided at the time the Board made its award.

The Chitwood case said that notice of disability must be given by the employee to his employer when the following conditions concur: (1) The employee has a disability from an occupational disease which impairs his capacity to perform his work; and (2) the employee knows or should know, by the exercise of reasonable care and diligence, that he is suffering from the disease.

Trosper worked for the Black Star Coal Company from September 1948 to January 1959, at which time the Alva Coal Corporation took over the operation of the mine where he worked. He continued to work for the Alva Coal Corporation until the mine closed.

In 1956, Trosper was examined by Dr. Adam Stacey. He was advised that there were silico-nodules in his lungs. He was hospitalized and told not to go back to work in the mines. Trosper testified that he had suffered from shortness of breath for about a year and a half to two years before the mine closed and that it had been "real bad during the last six or eight months." He further testified that during the latter period of time he could not do his work properly and that his coworkers had pitched in and helped him. Dr. T. H. Biggs examined Trosper on September 29, 1959. Dr. Biggs testified that Trosper told him that he had been short-winded for two years, that his condition had been getting worse during the past year, and that he could not do his job as he should. However, Trosper had continued in full-time employment by the same employer until June 23, 1960.

His claim for compensation is dated July 23, 1960. The date of filing with the Board is uncertain unless it is considered that the perforated endorsement

"REC'D
*8 · 15 · 60
WComB"

constitutes a filing endorsement. The space for insertion on Form No. 11 of the claim

number assigned is blank. Such constitutes a very uncertain and unsatisfactory record of filing, but it will be considered a filing of the claim as of August 15, 1960. In doing so, the endorsement of receipt is considered tantamount to filing, which need not be true in every case.

Under the definition of disability because of silicosis stated in Stephens Elkhorn Coal Company v. Tibbs, Ky., 374 S.W.2d 504, Trosper's disability arose on June 23, 1960, when he ceased "to be employed in full-time employment" by appellant. As indicated, his claim was filed August 15, 1960. In view of the Tibbs case, the notice of claim was timely.

The petitions for rehearing in this case, the Tibbs case, and Brock v. International Harvester Company, Ky., 374 S.W.2d 507, were considered at the same time because of the related question involved. This represents the opinion of the Court as expressed in the latter two cases, which becomes the law despite the contrary view expressed heretofore by the writer.

Judgment affirmed.

WILLIAMS and PALMORE, JJ., dissenting.

WILLIAMS, Judge (dissenting).

Under Stephens Elkhorn Coal Company v. Tibbs, Ky., 374 S.W.2d 504, an employee is not to be considered disabled so long as he continues in full-time employment of the same employer, for the purpose of the notice statute, KRS 342.316(2). The same interpretation was placed upon the limitation statute in Brock v. International Harvester Company, Ky., 374 S.W.2d 507. I agree that full-time employment is a good criterion. But it should be that and no more. It should not be made absolute but should operate as a standard which may be overcome by other factors.

In this case the employee had been disabled for at least six to eight months by his own admission. He knew he was disabled and his fellow employees knew he was disabled (they "pitched in and helped him"). Obviously the work he was capable of doing was not up to his employer's standards, else his fellow workers would not have needed to assist him. In the Tibbs case we said that an employee would not be considered disabled if, according to his employer's standards, he had sufficient capacity to be continued in full-time employment. An employee who requires others to do a portion of the work assigned to him does not measure up to his employer's standards.

One purpose of the notice statute is to permit the removal of an employee from a danger area after he has become disabled by an occupational disease. If the employer is not notified of a disability he cannot be expected to do anything about it.

In this case the employee was in fact disabled for at least six to eight months. Failure to give notice until the end of that period certainly was not reasonable.

For this reason I respectfully dissent. PALMORE, J., joins me in this dissent.