**AMERICAN RADIATOR & STANDARD SANITARY CORPORATION, Appellant,**

**v.**

*Beatrice C. GERTH et al., Appellees.*

Court of Appeals of Kentucky.

Feb. 21, 1964.

S. L. Greenebaum, Kenneth B. Kusch, Charles F. Wood, Greenebaum, Barnett, Wood & Doll, Louisville, for appellant.

W. C. Edrington, Deerfield Beach, Fla., for Beatrice Gerth.

John B. Breckinridge, Atty. Gen., for Workmen's Compensation Bd.

PALMORE, Judge.

Joseph Gerth worked for the appellant company from 1921 until the day of his death, October 15, 1959. He died while at work. The immediate cause of death was a coronary occlusion, and the evidence is amply sufficient to support the conclusion that his coronary ailment was an outgrowth of and resulted from the occupational disease of silicosis arising out of and in the

course of his employment. The existence of his silicotic condition had been known both to him and the employer for many years prior to his death. For a continuous period of well over three years immediately preceding his death he was assigned to duties in which, according to the employer, there was no injurious exposure as defined by KRS 342.316(1) (b). He had never filed a claim for disability by reason of silicosis. The instant claim was filed by his widow within one year after his death. Cf. KRS 342.316(3).

Both the Workmen's Compensation Board and the circuit court found from the evidence that the decedent had in fact been injuriously exposed until the time of his death. The principal issue between the parties has been whether the evidence was sufficient to support such a finding. If not, it is contended that when Gerth died the claim was already barred by the 1-year limitation of KRS 342.316(3) and the 3-year limitation which until 1960 was a part of KRS 342.185 [1] and read as follows:

"In cases of the disease of silicosis, caused by the inhalation of silica dust, no application for compensation shall be considered unless notice is given and claim is made within three years after the last injurious exposure to silica dust."

While the case has been in litigation this court has decided a series of other silicosis cases which render immaterial the question of when Joseph Gerth was last injuriously exposed. In Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167 (1961), it was held that one of the conditions that must exist before notice under KRS 342.-316(2) [2] is required is that the employe have "a disability from an occupational disease *which impairs his capacity to perform his work.*" (Emphasis added.) This means

that "so long as a man is able to carry on his duties, though he may suffer while doing it, he is not yet disabled within the meaning of KRS 342.316(2)." Bethlehem Mines Corporation v. Davis, Ky., 368 S.W.2d 176, 177 (1963). In Stephens Elkhorn Coal Company v. Tibbs, Ky., 374 S.W.2d 504 (rehearing denied Feb. 7, 1964), it was said that "in our opinion practical realities require the conclusion that so long as the employe, after first acquiring knowledge that he has the disease, continues to be employed in full-time employment by the same employer, he cannot be considered to be disabled within the meaning of the notice statute. If * * * the workman has sufficient capacity to be continued in full-time employment, it would seem that in practicality he is not disabled." See also Alva Coal Corporation v. Trosper, Ky., 375 S.W.2d 406 (1964).

The course set by Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167 (1961), under KRS 342.316(2), the notice provision, inexorably led to the same result under KRS 342.316(3), the limitations section:

"Although the commencement of the running of limitations is by statute related to knowledge of or exposure to the *disease,* it is obvious that limitations could not commence to run in any event unless the employe has a *disability,* because the claim is for 'disability resulting from an occupational disease,' and certainly the statute does not contemplate that an employe must file a claim before he *has* a claim." Brock v. International Harvester Company, Ky., 374 S.W.2d 507 (rehearing denied Feb. 7, 1964).

The situation would be no different, of course, under the limitations provision of KRS 342.185. The net effect of our

---

1. It was deleted by c. 147, § 13, Acts of 1960.

2. At that time, "notice of disability." The statutory phraseology was later amended

to "notice of claim," but as pointed out in Brock v. International Harvester Company, Ky., 374 S.W.2d 507 (1963), there can be no claim without a disability.

decisions on this subject is that so long as a person who has contracted an occupational disease remains in the full-time service of the same employer he does not have a disability and therefore does not have a claim. His disability occurs and his claim arises when his full-time employment ends. Gerth's full-time employment was terminated by his death. Before that time he had no claim against which limitations could run. His death arose out of and in the course of his employment, and the widow filed her claim within one year thereafter. Hence the maximum award allowed by the board and confirmed by the circuit court was proper.

The judgment is affirmed.