**HARLAN COLLIERIES COMPANY,**
**Appellant,**

v.

**Arthur G. SMITH and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Rehearing Denied Dec. 17, 1965.

William A. Rice, Harlan, for appellant.

G. E. Reams, Bert O. Howard, Harlan, for appellees.

CULLEN, Commissioner.

Harlan Collieries Company, former employer of Arthur G. Smith, appeals from a judgment of the Circuit Court which affirmed an order of the Workmen's Compensation Board awarding Smith compen-

sation for total permanent disability from silicosis.

The appellant concedes that there was sufficient evidence that Smith has silicosis but maintains that the evidence does not show Smith to be *disabled* within the meaning of the workmen's compensation law as interpreted by this Court.

Smith, age 61, had worked in the mines for 38 years. At the time he sought compensation he was not employed, having never returned to work after a cessation of employment resulting from a labor dispute. Dr. Cornish, who was appointed by the Workmen's Compensation Board to examine Smith after the testimony of Smith's doctors and the company's doctors had proved to be in conflict on the question of whether Smith actually had silicosis, filed a report giving the opinion that Smith was totally disabled from silicosis. Subsequently, upon his deposition's being taken, Dr. Cornish admitted that his examination did not disclose any present impairment of body functions such as would make Smith physically incapable of working, but the doctor stated that the examination indicated the existence of Category III silicosis (an advanced stage); that in his opinion "it would be probably suicidal for him to return to work in the mines," and that he agreed with Smith's statement that he was unable to work.

A reasonable interpretation of the testimony of Dr. Cornish is that Smith's silicotic condition had reached such a stage that further exposure by work in the mines would precipitate the progress of the disease to an early fatal end.

■ The appellant argues that in the line of cases beginning with Mary Helen Coal Corporation v. Chitwood, Ky., 351 S. W.2d 167, the rule has been solidified that the mere having of the disease of silicosis is not enough to entitle the worker to compensation—there must also be an impairment of his capacity to perform his work. Under this rule, says the ap-

pellant, Smith does not qualify for compensation because all of the doctors except Dr. Cornish agree that he has the present physical capacity to perform his usual work, and Dr. Cornish does not point out any specific disabling condition.

■ Recognizing the rule to be as stated by the appellant, nevertheless we feel that the existence of a disease which, according to competent medical opinion, will be rapidly precipitated to death-dealing proportions by continuance of work may be classed as an impairment of capacity to perform work within the meaning of the rule, particularly when the claimant himself testified that he is unable to work. It may be true, as said in Bethlehem Mines Corporation v. Davis, Ky., 368 S.W.2d 176, that the mere fact that the worker may suffer some aches and pains while working does not make him disabled, but surely it would strain reason to hold that a man whose work literally would "kill" him has no disability to work.

■ It is our opinion that the evidence was sufficient to sustain the finding of the Workmen's Compensation Board that Smith is disabled.

■ The appellant maintains that the Workmen's Compensation Board abused its discretion in appointing Dr. Cornish as a disinterested physician, and in basing its award solely on his testimony. The argument is that although Smith's doctors testified that he had early-stage silicosis, they both said he did not have any present physical disability; therefore there was no conflict of proof on the essential issue of disability, such as would justify the appointment of a disinterested physician; on the contrary, there was a complete absence of proof of disability. We think a sufficient answer to this argument is found in the fact that Smith, *himself,* testified that he could not perform any work because of difficulty in breathing. In our opinion this testimony was enough to warrant further exploration by the board of

the question of disability, through appointment of a disinterested physician. Cf. Cutshin Coal Company v. Begley, Ky., 385 S.W.2d 59.

The judgment is affirmed.

MONTGOMERY, Judge (dissenting).

I cannot concur in the majority opinion which admittedly flies in the face of a long line of cases beginning with Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167. As recently as June 25, 1965, in Davis v. Harlan Everglow Coal Company, Ky., 392 S.W.2d 62, this Court approved the holding in Bethlehem Mines Corporation v. Davis, Ky., 368 S.W.2d 176, wherein it was held that an employee is not disabled within the meaning of KRS 342.316(2) "so long as a man is able to carry on his duties though he may suffer while doing it." To the same effect see Stephens Elkhorn Coal Company v. Tibbs, Ky., 374 S.W.2d 504; Brock v. International Harvester Company, Ky., 374 S.W.2d 507; Alva Coal Corporation v. Trosper, Ky., 375 S.W.2d 406; and Lovell v. Osborne Mining Corporation, Ky., 395 S.W.2d 596 (decided June 11, 1965).

The majority opinion says that the claimant ceased working because of a labor dispute. It does not say how long after he ceased working before he filed his claim. There is an abundance of medical testimony to the effect that the claimant could return to work and perform his duties. The evidence of disability is based largely on the lay testimony of the claimant. The record falls far short of establishing "disability" as defined in the Chitwood and Bethlehem line of cases. This appears to be another instance of a hard case making bad law.

The majority opinion adds further confusion to a bad situation that cries out for remedial legislative action. The cases referred to are left in limbo. What is their status now?

For these reasons I respectfully dissent.