**Steve ALLEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS et al., Appellees.**

Court of Appeals of Kentucky.

March 8, 1968.

John Frith Stewart, Louisville, for appellant.

Robert Matthews, Atty. Gen., H. C. Smith, Robert Rieckhoff, Frankfort, Dept. of Highways, Robert A. Becht, Louisville, for appellees.

PALMORE, Judge.

The appellant and cross-appellee, Steve Allen, has been employed since 1951 by the Department of Highways as a light equipment operator. He drives a truck, and because of the nature of the Department's work he is exposed to gasoline fumes more than an ordinary truck driver would be. One example of such exposure is that his

truck gets tar on it and he is required frequently to use gasoline to clean it off. In 1960 it was determined by a hematologist that as the result of this exposure he had developed an occupational disease which, for the sake of simplicity, we shall call lead poisoning. Efforts to secure a transfer or reassignment to another job at a comparable rate of pay which would not entail similar exposure proved unsuccessful, so he has remained on the same job despite the physician's recommendation that he find work that will not expose him to gasoline fumes. This proceeding arises out of his claim for workmen's compensation and medical expenses, filed in 1965, at which time the proof shows that from a medical standpoint he was (and is) totally and permanently disabled from performing any work that will bring him substantially in contact with the fumes of gasoline or other substances containing lead. In other words, it appears that he cannot continue in his present job without serious danger to his life.

■ The board found that Allen is affected by an occupational disease, and to some extent disabled as the latter word is commonly understood, but rejected his claim as premature for the sole reason that in view of this court's construction of the word "disability" as it is used in KRS 342.316, the occupational disease statute, he cannot have a compensable claim for any period of time in which he has continued and continues to work full-time for the same employer. See, for example, Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167 (1961); Bethlehem Mines Corporation v. Davis, Ky., 368 S.W.2d 176 (1963); Stevens Elkhorn Coal Company v. Tibbs, Ky., 374 S.W.2d 504 (1964); Alva Coal Company v. Trosper, Ky., 375 S.W.2d 406 (1964); and American Radiator & Standard Sanitary Corporation v. Gerth, Ky., 375 S.W.2d 817 (1964).

Allen's appeal to the circuit court, KRS 342.285, resulted in a judgment affirming the disallowance of compensation but re-versing as to the disallowance of medical expenses and remanding the proceeding to the board with directions to determine such expenses and make an award under KRS 342.020. Both sides now appeal to this court. KRS 342.290.

The rule exemplified by the line of cases cited above is, essentially, that so long as a man actually continues, despite an occupational disease, to satisfy the requirements of his work it can hardly be found that he cannot do it. Whatever may be his physical ailment, it becomes a "disability" only when in fact it results in a cessation or curtailment of performance. In this respect, the existence of disability is determined by an objective standard which we have held to be conclusive. From the standpoint of legal policy, this position protects the workman against the pitfalls of the notice and limitation sections of KRS 342.316 and at the same time gives reasonable regard to the ultimate object of workmen's compensation, which is to offset loss of earnings.

It is true that Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167 (1961), and the later decisions adhering to it were all cases involving the timeliness of notice or the running of limitations, but they are premised on the theory that a compensable claim under KRS 342.316 does not exist while the employe continues to work fulltime for the same employer.

Peabody Coal Company v. Taulbee, Ky., 294 S.W.2d 925 (1956), could be distinguished on the basis that although Taulbee stayed on the job at full pay he had to have the help of his fellow-employes in order to do the work. That, however, would be inconsistent with Stevens Elkhorn Company v. Tibbs, Ky., 374 S.W.2d 504 (1964), in which the circumstances were the same. The net effect of the Chitwood case, as it has been construed to date, is that Taulbee has been overruled.

■ During the pendency of this proceeding before the board, the Department moved for leave to file a "Special Answer"

setting up various defenses such as claimant's failure to file a claim within one year after discovering his condition, non-compensability of the occupational disease in question, and claimant's continued employment. The motion was overruled in view of an administrative regulation of the board requiring that any "affirmative special defense" be filed at least five days before the date set for hearing. Allen contends that in spite of overruling the motion the board nevertheless denied his claim on the basis of a special defense, to-wit, that because of his continued employment the claim was premature. The answer to this argument is that a special defense was unnecessary. The burden of proving disability was on the claimant, and the effect of our decisions defining "disability" is that by reason of his continued employment at full time and full pay he did not prove it. Cf. Adkins v. International Harvester Co., Ky., 286 S.W.2d 528, 529 (1956).

Allen has had heavy medical expenses in combatting the ravages of his disease. He requires frequent hospitalization (during vacations and off-days) and numerous blood transfusions. All of this has resulted from his work. It would be an utter travesty to hold that he cannot be compensated for it, and we find nothing in the statute to demand such a conclusion. KRS 342.020(1) provides that aside from any other compensation payable under Chapter 342 "the employer shall furnish for the cure and relief from the effects of an injury or occupational disease, such medical, surgical and hospital treatment * * * as may reasonably be required at the time of the injury and thereafter during disability, *or as may be required for the cure and treatment of an occupational disease,*" not exceeding the maximum limit. (Emphasis added.)

The judgment is affirmed on both the appeal and cross-appeal.

All concur except that OSBORNE, J., does not concur in the allowance of medical expenses.