**Will M. CRAWFORD, Appellant,**

v.

**V. & C. COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 4, 1968.

Eugene Goss, Harlan, for appellant.

James S. Greene, Jr., Greene & Forester, Harlan, J. Keller Whitaker, Frankfort,

Workmen's Compensation Board, for appellees.

PALMORE, Judge.

Will Crawford, a coal miner, was laid off by his employer, V. & C. Coal Company, on June 28, 1957, shortly after he became 65 years of age. He went on social security in November of 1957 and has never sought other employment. In October of 1966, having experienced increasing difficulty over the previous six years with his breathing, he entered a hospital and for the first time learned the nature of his ailment, which is diagnosed as complicated second stage pneumoconiosis and is fully disabling. He instituted this proceeding for workmen's compensation on November 10, 1966. The board rejected his claim on the ground it is barred by the 5-year limitation provision of KRS 342.316(3). The circuit court affirmed. This court also affirms.

In 1957, at the time of Crawford's last injurious exposure, KRS 342.185 provided that "no application for compensation shall be considered unless notice is given and claim is made within three years after the last injurious exposure to silica dust." By Chapter 147, § 13, Acts of 1960, effective June 16, 1960, which was twelve days before any possible or potential claim by Crawford would otherwise have been cut off forever, KRS 342.185 was amended so as to delete that provision entirely.

By Chapter 276, § 3, Acts of 1962, effective March 22, 1962, KRS 342.316(3) was amended to provide "that the right to compensation for any occupational disease shall be forever barred unless a claim is filed * * * within five years from the last injurious exposure to the occupational hazard."

Crawford argues that under the rule of liberal construction enjoined by KRS 342.004 it is proper to construe an enactment as enlarging a period of limitation, cf. Kiser v. Bartley Mining Co., Ky., 397 S.W. 2d 56, but not to construe one as restricting it.

An existing right of action cannot be taken away by legislation shortening the period of limitation to a time that has run already or to a time that is unreasonably short. Cf. 34 Am.Jur. 29 (Limitation of Actions § 21), and authorities there cited. This, however, is not the usual situation in which a limitation statute runs against a cause of action from the time it accrues and can be enforced. The right to compensation under KRS 342.316 does not necessarily accrue at the time of the last injurious exposure. There can be no claim or cause of action before the occurrence of a disability. Brock v. International Harvester Co., Ky., 374 S.W.2d 507 (1964).

The basic limitation upon the right to assert the cause of action, once it has arisen, is one year after (a) the last exposure, (b) the occurrence of the disability, or (c) a manifestation of symptoms reasonably sufficient to apprise the claimant that he has contracted the disease, whichever of these three events comes last. KRS 342.316(3); Brock v. International Harvester Co., supra; American Radiator & Standard San. Corp. v. Gerth, Ky., 375 S.W.2d 817 (1964). The effect of the 5-year "catchall" provision of KRS 342.316 (3) is to reduce the one-year limit when event (b) or (c) occurs more than four years after event (a).

In this particular instance the 1960 repeal of the 3-year limit theretofore contained in KRS 342.185 enlarged the time in which Crawford's claim could arise and be discovered from 12 days to infinity. Between 1960 and 1962 there was no limit. When the 5-year limit was imposed by the amendment of KRS 342.316(3), effective March 22, 1962, it left three months and six days in which the claim could be discovered and asserted. We need not speculate as to whether the latter amendment could reasonably operate to extinguish a live claim. Cf. KRS 446.080(3), 446.110. We do hold that it did not operate unreasonably in

limiting the time in which Crawford's claim could be discovered and asserted to three months and six days after its effective date.

It is not necessary to pass upon the question of whether a person drawing social security and making no effort to find work at the time he is overtaken by physical impairment is "disabled" within the intendment of the workmen's compensation law.

The judgment is affirmed.

All concur.