**George CALDWELL, Appellant,**

**v.**

**James R. YOCOM, Commissioner of Labor and Custodian of the Special Fund, Cumberland Valley Coal Company and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

June 23, 1978.

As Modified July 14, 1978.

Discretionary Review Denied Jan. 9, 1979.

John E. Anderson, Barbourville, for appellant.

Steven M. O'Brien, III, Lexington, Cyril E. Shadowen, Louisville, for appellees.

Before HAYES, PARK and WHITE, JJ.

PARK, Judge.

The sole issue raised by this appeal is whether George Caldwell, a workmen's compensation claimant, failed to give timely notice of his claim for disability to his employer as required by 342.316(2)(a). That statute provides in part:

> [N]otice of claim shall be given to the employer as soon as practicable after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted such disease, or a diagnosis of such disease is first communicated to him, whichever shall first occur.

The circuit court affirmed the order of the Workmen's Compensation Board dismissing Caldwell's claim because of his failure to give the notice required by the statute.

The arguments of the various parties can best be understood by reference to the following chronology of Caldwell's

work/health history extracted from the record before the board:

| | |
|---|---|
| 1959–1970 | Self-employed with Caldwell Coal Company digging, hauling and selling "house coal." |
| late 1969 or 1970 | Applied for federal Black Lung benefits (denied). |
| 1970 | Entered employ of Cumberland Coal, a strip mining company, driving a road grader. |
| c. 1972 | Duties changed to those of a "flunkie" (hauling supplies, servicing equipment, night watchman). |
| c. 1972 | Noticed shortness of breath. |
| 1973 | Reapplied for Black Lung benefits; diagnosed by Dr. Boyce Jones as stage 1/1q (1971 ILO classification) pneumoconiosis, and by Dr. Harold Bushey as stage 1/2q pneumoconiosis. |
| July 16, 1975 | Awarded Black Lung benefits. |
| August 8, 1975 | Left Cumberland's employ. |
| September 8, 1975 | Notified employer of disability. |
| September 22, 1975 | Caldwell filed claim. |

In dismissing Caldwell's claim for disability resulting from an occupational disease, the board concluded that Caldwell failed to give notice "as soon as possible after his having a diagnosis of the disease communicated to him." The basis for this conclusion is not clear. The findings of fact are only a recapitulation of Caldwell's work/health history. They contain no finding designating the time when Caldwell first had a duty to inform his employer of his claim of occupational disease. The board indicated only that it believed Caldwell had been advised of his condition, first, by Dr. Smith Howard "at [the] time" of the initial Black Lung application "in 1970 or 1971," and again by Drs. Bushey and Jones on October 3, 1973. There is no finding specifying the time Caldwell became disabled.

█ Although KRS 342.316(2)(a) speaks in terms of a claimant's awareness that he has contracted an occupational disease, the obligation to give notice to the employer does not arise until the employee is in fact disabled. *Mary Helen Coal Corp. v. Chitwood*, Ky., 351 S.W.2d 167 (1961); *Stephens Elkhorn Coal Corp. v. Tibbs*, Ky., 374 S.W.2d 504 (1963). As a corollary to that rule, the continuation of the workman in full time employment by the same employer creates a conclusive presumption of nondisability. *Yocom v. Karst*, Ky., 528 S.W.2d 697 (1975). Once there is a cessation of employment, the presumption of nondisability disappears. At that point in time, the question becomes whether circumstances exist from which the workman realizes or reasonably should realize that his capacity to work is impaired by reason of the disease. *Blue Diamond Coal Co. v. Stepp*, Ky., 445 S.W.2d 866, 868 (1969).

Caldwell argues on appeal that the evidence presented to the board establishes as a matter of law that he remained nondisabled until he left the employ of Cumberland Valley Coal Company on August 8, 1975. He relies on the line of cases beginning with *Mary Helen Coal Corp. v. Chitwood, supra.* The employer would distinguish the *Chitwood* line of cases on the ground that there was a cessation of employment in 1970 when Caldwell made application for federal Black Lung benefits. Accordingly, there would be no presumption of nondisability while Caldwell was employed by Cumberland Valley Coal Company. Because Caldwell was aware of the diagnosis of pneumoconiosis no later than 1973, the employer asserts that the board did not err in holding that his notice of claim was untimely. We disagree.

█ Because Caldwell was unemployed for a period of time in 1970, there was no presumption of nondisability at the time he commenced work for Cumberland Valley Coal Company. However, he was continuously employed by Cumberland Valley Coal Company for five years. During that period of time, he suffered further exposure to the hazards of pneumoconiosis. We conclude that there was a new presumption of nondisability which continued until Caldwell quit work on August 8, 1975. Because Caldwell gave notice of disability to his employer on September 8, 1975, the notice was timely. *Peabody Coal Co. v. Guthrie*, Ky., 351 S.W.2d 168 (1961); *Blue Diamond Coal Co. v. Blair*, Ky., 445 S.W.2d 869 (1969).

 Cumberland Valley Coal Company makes a persuasive argument that Caldwell was suffering from pneumoconiosis at the time it first employed him. The employer further argues that it is unfair to impose liability for compensation on it when Caldwell should have known he had the disease when first employed by Cumberland Valley. This argument ignores the fact that the legislature imposed the liability for compensation on the last employer in whose employment the workman was exposed to the hazards of the occupational disease. KRS 342.316(1)(a). The employer can protect itself by obtaining a comprehensive history of prior employment and health before determining to employ a workman. If a false history is given to obtain employment, the workman is barred from asserting his claim for disability from occupational disease. *Blanton v. Workmen's Compensation Board,* Ky., 531 S.W.2d 518 (1975); KRS 342.316(9).

 The employer and the Special Fund also assert that this court should apply the notice statute [KRS 342.316(2)(a)] literally. However, we are not free to ignore the line of cases construing that statute beginning with *Chitwood* and continuing through *Karst.* SCR 1.030(8)(a).

We do not reach the merits of Caldwell's claim, and we express no opinion respecting Cumberland Valley's nonliability for any partial disability from pneumoconiosis which may have preexisted Caldwell's employment by Cumberland Valley. *See Yocom v. Karst, supra,* 528 S.W.2d at 700–01.

For the foregoing reasons, the judgment of the circuit court is reversed with directions to enter a new judgment directing the board to hear Caldwell's claim on the merits.

All concur.