E. L. McDONALD, Appellant,

v.

GOODWIN BROTHERS, INC., et al.,
Appellees.

Court of Appeals of Kentucky.

Feb. 14, 1964.

As Modified on Denial of Rehearing ·
May 15, 1964.

———◆———

Charles M. Tackett, R. J. Turley, Lexington, for appellant.

I. Jay Miller, Lexington, for appellees.

DAVIS, Commissioner.

Appellant McDonald seeks reversal of a Fayette Circuit Court judgment which affirmed action of the Workmen's Compensation Board. The Board awarded McDonald payments for total temporary disability for the period June 14, 1961, to and including March 17, 1962, but denied his claim for total permanent disability award.

Appellant bases his appeal on the claim that he is totally permanently disabled, even though physically fit for many occupational pursuits, since his sensitivity to a product used in his usual occupation will preclude his working in that particular line of endeavor.

Appellant had been employed at Lexington by Goodwin Brothers as an automobile repairman for several years.[1] He repaired damaged automobiles and worked in the body shop. Incident to the process of repairing damaged automobiles, some of the fellow employees of appellant used a plastic filler, although appellant continued to use lead as a filler. The work with the plastic, as well as with the lead, includes the necessity for some smoothing with a grinder. Thereby a fine dust of the grindings is cast into the air in the work shop.

Appellant began to experience a rash on the exposed surfaces of his skin; the condition so worsened that he was required to obtain medical care. Indeed, his ailment progressed to the point that hospitalization was prescribed for him. It was for the time period during which he was unable to work that the allowance for total temporary disability was awarded. No question is raised as to the propriety of that portion of the award.

The ailment of appellant is diagnosed as contact dermatitis. Medical testimony shows without contradiction that appellant is sensitized to the materials in the plastic filler. The sensitivity is permanent; renewed exposure to the offending substance will cause recurrence of appellant's condition, according to the physician's prognosis. It was said by a qualified medical expert that death could result from continued exposure. However, the doctor observed that

---

1. There is some confusion in the record as to whether he had worked for appellee since 1943 or 1953.

fatal result in such a case is not to be expected unless the patient exhibits a condition of bronchial asthma. Bronchial asthma is said to be a precursor of possible fatal results in such cases. The appellant was found to be entirely free of any symptom of bronchial asthma.

Appellant completely recovered from the objective symptoms of the dermatitis after his hospitalization and treatment. Of course, during the time of his convalescence, he was not exposed to the dust from the plastic filler. Appellant was fully capable to do normal work on March 17, 1962, the terminal date of the temporary disability award. But he argues that if he returns to his former occupation, he will be exposed again to the dust from the plastic filler—and as surely will suffer inevitable recurrence of the malady of contact dermatitis.

Appellant is a man aged 65 years, having merely a seventh grade education, whose occupational experience has been exclusively in automobile repair work for at least ten years past. At an earlier period of his life he had conducted a boat and fishing enterprise at Herrington Lake, but testified that the long hours required in that pursuit make it an unattractive job opportunity. From these circumstances the appellant reasons that he is totally permanently disabled because he cannot safely continue his basic work as an automobile repairman. It is further urged that we should equate the probability of recurrence of the dermatitis with that rule which exonerates an employee from submission to surgery under dangerous circumstances. Cf. Melcher v. Drummond Mfg. Co., 312 Ky. 588, 229 S.W. 2d 52.

There is evidence that four of the Lexington repair shops use plastic fillers; the record is silent as to the use of plastic fillers in the other shops. However, appellee itself has a shop where no plastic is used. Appellant failed to sustain his burden of persuasion that the use of plastic filler is so widespread as to preclude his employment opportunities. Lee v. International Harvester Co., Ky., 373 S.W.2d 418. Thus,

it cannot be said that appellant is presently disabled within the principles recognized in Clark v. Gilley, Ky., 311 S.W.2d 391. He is perfectly able to perform his usual duties —his danger lies in doing that work in the presence of plastic filler dust. He is able to do work which is available for him to do. Under these circumstances we conclude that the Board and circuit court correctly disposed of the matter.

Since there is no dispute as to the propriety of the award for temporary total disability, we do not reach the question as to whether the prospective possible disability is an occupational disease within the purview of KRS 342.316.

The judgment is affirmed.