John GOOD, Appellant,

v.

RUSSELL FORK COAL COMPANY et al.,
Appellees.

Court of Appeals of Kentucky.

March 5, 1965.

Combs & May, Dan Jack Combs, Pikeville, for appellant.

Harry C. Campbell, Pikeville, for appellees.

WILLIAMS, Judge.

The Workmen's Compensation Board dismissed a claim for disability filed by appellant John Good. On appeal to the Pike Circuit Court the Board's order was affirmed. From that judgment this appeal is taken.

Appellant worked for appellee Russell Fork Coal Company for many years until December 1958, at which time he was released due to a reduction in the working force. He was called back to work in April 1959 and directed to take a pre-

employment physical examination. He actually worked one day before the result of the physical examination became known. The recommendation of the doctor who made the examination was that appellant not be employed in the mines where he would be exposed to dust. Upon receipt of that report, and based upon the doctor's recommendation, appellant's services were terminated. Claim for compensation was made more than two years later, on October 30, 1961.

The Board dismissed the claim on the ground it was barred by the Statute of Limitations, KRS 342.316(3), which provides in part:

"(3) The right to compensation under this chapter for disability resulting from an occupational disease shall be forever barred unless a claim is filed with the Workmen's Compensation Board within one year after the last injurious exposure to the occupational hazard or after the employe first experiences a distinct manifestation of an occupational disease in the form of symptoms reasonably sufficient to apprise him that he has contracted the disease, whichever shall, last occur * * *."

Appellant insists that he was not sufficiently apprised of the fact that he had silicosis at the time of his last dismissal by appellee, and, as a consequence, the statute of limitations did not begin to run at that time. It is true the doctor who examined appellant testified that in his opinion he was suffering from emphysema, but the appellant apparently chose to ignore the doctor's diagnosis. He testified that at the time his employment was terminated he told the superintendent he had been advised by the doctor that he had silicosis. He also testified that he told the superintendent at that time that he was expecting workmen's compensation benefits. It is apparent from his own statement, therefore, that he knew he had a compensable disease and was anticipating compensation as a result

thereof. We also note that appellant stated in his application for adjustment of claim that his employment was terminated because he contracted an occupational disease.

■ Three doctors testified that appellant was suffering from silicosis, and two doctors testified that he was not. The proof was ample to sustain the Board's conclusion that he was suffering from a compensable disease and that he had knowledge of the fact at the time of his last employment.

■ Appellant insists, however, that there was no evidence that he was disabled at the time of his last employment and that the statute does not commence to run until disability occurs. It is true, as first pointed out in Mary Helen Coal Corporation v. Chitwood, Ky., 351 S.W.2d 167 (1961), that the statute does not commence to run unless and until the employee has a disability. Although the Board did not in so many words find that the appellee was disabled, it did find that he was suffering from silicosis and had not filed his claim within the period allotted by the statute of limitations. Had he not been disabled the statute would not have commenced to run and the Board would not have dismissed his claim. It is not significant that the Board failed to state that disability existed.

■■ As a matter of fact, disability did exist in the most obvious fashion. Appellant returned for work and wanted to work but was denied the opportunity solely because he was afflicted with a disease which turned out to be silicosis. The law does not contemplate that a worker must be disabled from any and every kind of work. It does contemplate that if he is unable to do the work which he regularly performs he is disabled and entitled to compensation as the result of such disability. The existence of an occupational disease which prevents a worker from pursuing his regular type of employment is as surely disabling as one where he is confined to his bed and cannot reach his place of employment.

We conclude the appellant was apprised of the fact that he was suffering from an occupational disease and was disabled therefrom.

The judgment is affirmed.