**Taylor EVERIDGE, Appellant,**

v.

**NICKELLS COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 24, 1965.

Harold G. Wells, Hazard, for appellant.

Richard D. Cooper, Hazard, for appellees.

CULLEN, Commissioner.

The Workmen's Compensation Board awarded compensation to Taylor Everidge on the basis of 25 percent permanent disability. Everidge appealed to the circuit court, claiming that he should have had an award for total permanent disability. The circuit court entered judgment affirming the order of the Board and Everidge has appealed to this Court from that judgment.

Everidge, a coal miner, received an injury to his leg which resulted in a limitation of the flexion of one knee. The medical testimony was that he could not perform such of the duties of a miner as required squatting. The lay testimony was that in the particular mine in which Everidge had been working the coal seam was low, so that squatting was necessary to work the coal. The testimony, both lay and medical, as to Everidge's disability was that he could not work "in a mine with low coal" or "in that type of coal."

Everidge's contention seems to be that his occupational classification is that of a low-coal miner, and since he is disabled to work in that classification he is totally disabled, under the rule stated in such cases as E. & L. Transport Co. v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102, and Leep v. Kentucky State Police, Ky., 366 S.W.2d 729. It is our opinion that Everidge is not entitled to claim so narrow a classification. His "general occupational classification," which is the term used in the Hayes and Leep cases, is that of a coal miner. There is no evidence in this record that there are not ample work opportunities for Everidge in mines with high coal. Cf. McDonald v. Goodwin Brothers, Ky., 379 S.W.2d 54.

The judgment is affirmed.