**McDOWELL MEMORIAL HOSPITAL et al., Appellants,**

**v.**

**Dockie McCOY and Workmen's Compensation Board of Kentucky, Appellees.**

Court of Appeals of Kentucky.

Oct. 28, 1966.

E. R. Hays, Baird & Hays, Pikeville, for appellants.

C. W. Napier, Jr., Hazard, for appellee McCoy.

WILLIAMS, Judge.

Appellee Dockie McCoy, a janitor for appellant McDowell Memorial Hospital, sustained an injury to his back while lifting a bag of wet laundry. Following application for workmen's compensation, an award was entered which declared him to be temporarily, totally disabled for work from July 3, 1962 to November 19, 1962. That award was not appealed and became final in due time. On December 7, 1964, McCoy filed with the Workmen's Compensation Board a motion to reopen his case. (KRS 342.125) His position was that he had a change of condition and was entitled to have his application reviewed for further opinion and award.

On January 4, 1965, the Board referred the motion to reopen to a hearing officer and a hearing was had. McCoy testified in his own behalf and introduced various lay witnesses who testified for him. In addition, the depositions of Dr. Marion G. Brown, of Lexington, and Dr. Curwood R. Hunter, of Cincinnati, were introduced. The depositions of Dr. William C. Roland, of Ashland, and Dr. Kearns M. Thompson, of Lexington, were introduced on behalf of appellants. McCoy was thereafter referred to Dr. William C. Hambley, of Pikeville, Dr. E. G. Skaggs and Dr. A. B. Carter, of Paintsville, and the testimony of each was allowed to be introduced by the Board. The case was finally submitted to the Board on November 8, 1965, and an order was entered denying McCoy the right to reopen his case on the ground that he had failed to show a change of condition. On appeal to the Floyd Circuit Court the order of the Board was reversed and the case was remanded to the Board for further proceedings in conformity with the judgment. This appeal results.

The only point raised by appellants is that the court should not disturb a finding of fact by the Board if such finding is predicated upon evidence of probative value. Technically, the test is not whether the finding is predicated upon evidence of probative value but whether the evidence was so conclusive as to compel a finding in McCoy's favor. In Semet-Solvay Division of Allied Chemical Corporation v. Workmen's Compensation Board et al., Ky., decided October 21, 1966, we considered a

factual situation where the Board found against the claimant. Therein we said:

> " * * * Since the board had found *against* the claimant, who had the burden of proof and the 'risk of not persuading the Board in his favor,' the only issue before the circuit court was whether the claimant's proof was so strong as to *compel* a finding in his favor—so persuasive that it was clearly unreasonable for the board not to be convinced by it. The fact that the claimant's evidence was positive whereas the defensive evidence was merely negative in character is not a controlling consideration. That such is the law was firmly established in Lee v. International Harvester Company, Ky., 373 S.W.2d 418, and reaffirmed in Thompson v. Mayflower Coal Co., Ky., 379 S.W.2d 459, and Akers v. United Carbon Gas Co., Ky., 386 S.W.2d 957."

We look to the evidence in this case. McCoy and his witnesses testified that he was unable to perform his work. The doctors introduced by McCoy unequivocally stated that he was totally disabled. Absent any other proof, it is evident that this would have been sufficient to sustain his claim of total disability. However, other evidence was introduced on behalf of appellants. Two orthopedic surgeons, Dr. Roland and Dr. Thompson, examined McCoy at the time his original claim for compensation was made and each re-examined him following his motion to reopen the case. Their testimony was that McCoy's condition at the latter time was unchanged from the time he was first examined by them. The Board based its decision upon their testimony.

The testimony introduced by McCoy was given by competent, qualified doctors who were most eloquent and persuasive in their diagnosis of his past and present condition. They were either neurological or orthopedic surgeons. It is his position that the evidence of these eminent doctors is so conclusive that a view contrary to their decision cannot be taken.

 A court will not presume the function of directing a fact-finding board to consider more favorably the testimony of one qualified doctor over that of another. Certainly, in this situation, where a back injury is involved, this Court will not direct the Board to give more credence to an orthopedic surgeon than to a neurological surgeon, or vice versa. Positive but contradictory evidence was offered by each side. The Board chose to accept one and reject the other.

We do not find the Board was unreasonable in its failure to be convinced by the evidence offered by McCoy on his motion to reopen the case.

The judgment is reversed.