**Lee JOSEPH, Appellant,**

v.

**BLUE DIAMOND COAL COMPANY
and Workmen's Compensation
Board, Appellees.**

Court of Appeals of Kentucky.

Nov. 11, 1966.

Lester H. Burns, Jr., Henry E. Hughes, Manchester, for appellant.

Richard C. Ward, Reeves, Barret & Cooper, Hazard, for appellees.

WADDILL, Commissioner.

While performing the duties of a brakeman in the mine of appellee, Blue Diamond Coal Company, appellant, Lee Joseph, age 45, sustained an injury to his right hand when it was caught between two mine cars. Joseph sought workmen's compensation benefits for permanent total disability. The Workmen's Compensation Board made an award to Joseph based on its finding of 5% permanent disability. He appealed to the Perry Circuit Court which upheld the award.

■ Joseph appeals to this court contending that under the evidence the board and the circuit court erred in not finding him totally and permanently disabled. In support of this contention he claims he is unable to perform the duty of coupling cars as is required of a brakeman. To obtain the relief sought on this appeal Joseph must convince us that the evidence before the board was so conclusive that it required a finding of permanent total disability. McDowell Memorial Hospital v. McCoy, Ky., 407 S.W. 2d 717 (decided October 28, 1966).

Dr. Carl Friesen, an orthopedic surgeon who attended Joseph for about nine months, testified he had treated the injury to Joseph's right hand and had partially fused his right ring finger. After receiving physical therapy the fingers of Joseph's right hand can oppose his palm except his ring finger which misses it by a half-inch. Dr. Friesen stated that due to his injury Joseph has a 5% functional disability and that his injury would not prevent him from performing his employment duties.

Dr. Philip Begley, a general practitioner, examined Joseph on one occasion. He estimated that Joseph has 40 to 50% functional disability and is totally disabled to perform the duties of a brakeman. Certain lay witnesses, in effect, concurred in the estimate of total disability.

■ Appellant would have us discount Dr. Friesen's testimony for lack of famil-iarity with the duties of a brakeman. The record shows that Dr. Friesen had been apprised of Joseph's employment duties and how they were performed while Dr. Begley was not asked nor did he claim any familiarity with such duties. Even if Dr. Begley were better informed on this matter than Dr. Friesen this fact would only affect the credibility of the testimony. Hence if we accepted appellant's contention in this respect it would be unavailing since the weighing of evidence is traditionally and properly a function for the fact finder. Congleton Brothers v. Farmer, Ky., 399 S.W.2d 722; Kilgore v. Goose Creek Coal Co., Ky., 392 S.W.2d 78.

■ Appellant contends that by implication the board found that Joseph was wholly unable to perform the duties of a brakeman and, therefore, an award based upon only 5% disability is inconsistent with that finding. We quote the statement from the board's opinion upon which appellant relies:

"* * * The plaintiff in this case is a coal miner; being a 'coupler' is only one of numerous jobs inside a coal mine. There is no indication that the plaintiff could not perform the duties of a motor-man, coal loader, machine man, or normal jobs in the mine. The plaintiff is clearly not totally disabled, even within the liberal concept of total disability * * *."

As we construe this language it is merely an affirmative observation that Joseph can perform most of the employment tasks of coal miner; it has no relevance to what he cannot do. While there are cases in which we have upheld awards for total permanent occupational disability even though there was less than total functional disability. (Leep v. Kentucky State Police, Ky., 366 S.W.2d 729 and Methodist Hospital of Kentucky v. Ratliff, Ky., 391 S.W.2d 676) the parties have not cited any case holding that a compensation claimant is totally and permanently disabled because the injury he sustained prevented him from doing a particular act in his general employment classi-

fication. We do not believe Joseph was entitled to the narrow employment classification of brakeman, but rather the general occupational classification of a coal miner. Everidge v. Nickells Coal Co., Ky., 394 S.W.2d 449. Assuming he cannot be employed as a brakeman, there is no evidence that he is unable to perform other comparable duties as a coal miner. Appellant's sole claim to permanent total disability is the impairment of his right hand. Consequently we believe it would be completely contrary to the intent and purposes of the Workmen's Compensation Act for us to say as a matter of law that appellant is permanently and totally disabled as a coal miner.

The judgment is affirmed.