**ROYAL JELLICO COAL COMPANY,**
Appellant,

v.

**Tom L. CUNNINGHAM, and the Workmen's Compensation Board, Appellee.**

Court of Appeals of Kentucky.

Feb. 24, 1967.

Robert L. Milby, Hamm, Taylor & Milby, London, for appellant.

J. B. Johnson, Jr., Williamsburg, for appellee.

OSBORNE, Judge.

This is an appeal from a judgment of the Whitley Circuit Court affirming an award by the Workmen's Compensation Board to appellee Tom L. Cunningham. Appellee was injured in a mine accident when he was struck by a shuttle car and pinned between the car and a wall of the mine. The blow fractured his left hip. As a result of the fracture, he was hospitalized in Nashville, Tennessee, where the fracture was repaired by the insertion of a metal pin or screws. Following the repair to the fracture, he was placed in a body cast and remained in the hospital for three weeks.

■ Appellant contends that the medical testimony is not sufficient to support the award because it does not show that the disability which appellee now has was caused by the fracture to the hip. The record discloses that he was fifty-two years old at the time of the injury and that he had been working in the mines for some thirty-five years; that the work which he performed required considerable crawling, bending and stooping. The medical testimony by specialists in the field of orthopedic surgery places his disability at somewhere between 8% and 100% total. With this range of testimony, the Board was free to award total disability, which it did.

■ The proof showed that Appellee was unable to continue work in the mines and we have held many times that if a workman is totally disabled from the performance of work in his former occupational classification and his capacity to perform other work is impaired, he is entitled to compensation for total disability. E. & L. Transport Company v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102; Leep v. Kentucky State Police, Ky., 366 S.W.2d 729.

Appellant also contends that Appellee had a pre-existing arthritic condition in his spine which contributed to his disability. The testimony of the doctors show that they considered this factor, but that they limited their testimony to the condition in the hip.

It is our opinion that the record contains ample testimony to support the judgment of the trial court and the award of the Workmen's Compensation Board.

The judgment is affirmed.

All concur.