Julius A. GRAVES, Appellant,

v.

MERIT LAUNDRY AND DRY CLEANING COMPANY and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

June 16, 1967.

George B. Ryan, Louisville, for appellant.

William Kiel, Mayer, Cooper & Kiel, Louisville, J. Keller Whitaker, Workmen's Compensation Board, Frankfort, for appellees.

CULLEN, Commissioner.

Julius A. Graves sought workmen's compensation for alleged total permanent disability. The compensation board awarded compensation for a period of temporary disability but found that he did not have any permanent disability. On appeal to the circuit court judgment was entered affirming the order of the board which denied the claim for compensation for permanent disability. Graves has appealed to this court from that judgment.

During a period of seven weeks' employment with the appellee Merit Laundry and Dry Cleaning Company, as operator of a "washer" in which clothes were cleaned by use of a chemical solvent known as perchloroethylene, Graves developed hepatitis. He was hospitalized and underwent a period of treatment following which the doctors declared him to be "clinically" cured. He then accepted employment in a different dry cleaning establishment as a "spotter," in which he used only a steam iron and ammonia water. At the time of his workmen's compensation hearing he was still in the latter employment having suffered no recurrence of the hepatitis.

There was medical testimony that the hepatitis which Graves had contracted was "industrial" or "toxic" and probably was

caused by his contact with the perchloroethylene. The compensation board so found and on that basis awarded compensation for temporary disability extending to the time that he returned to work. That finding is not in question here.

Graves rests his claim to compensation for permanent disability on the testimony of his doctors that if he were to continue in employment which brought him in contact with perchloroethylene or a similar chemical solvent he would be in serious danger of again contracting hepatitis—that having once had the disease he is more susceptible to it. Hence, he argues, he is disabled from performing his usual occupation.

There are two difficulties with Graves' argument. The first is that he did not establish that his usual occupation involved use of perchloroethylene or another chemical having the same propensities. The facts were that for 19 years immediately preceding his seven-week employment with the appellee he worked in a dry cleaning plant as a "spotter," in which he used some chemicals which he identified only by trade names. He had no contact with perchloroethylene or any similar solvent during that time, and he suffered no health problem during that time. Prior to his employment with the appellee he had never used a "washer." In his present employment as a "spotter" he does not come in contact with the chemicals that caused his hepatitis. Graves argues that he is disabled from following "all facets" of his sole trade as a dry cleaner, and from returning to the "type of work he was performing at the time of his disability," but the simple truth is that for 19 years he had not been engaged in performing "all facets" of the dry cleaning trade, and the type of work he was performing during the seven weeks preceding his disability was not his usual work. His usual occupation was that of a "spotter" and the evidence does not establish that he is disabled from performing that occupation. It may be true, as

Graves testified, that he was required to reject an offer of a job at $150 per week that would have involved contact with perchloroethylene, and was relegated to accepting a "spotter's" job at only $85 per week, but this indicates only that the specialized work involving use of perchloroethylene, which had not been Graves' usual work, is a special category of work which commands higher pay.

The second difficulty with Graves' argument is that he failed to prove that the use of perchloroethylene or chemicals with similar propensities is so widespread among cleaning establishments as to substantially preclude his employment opportunities in dry cleaning work. He seems to think that this fact should have been taken for granted. On this point McDonald v. Goodwin Brothers, Inc., Ky., 379 S.W.2d 54, is controlling.

The judgment is affirmed.

All concur.