James SULLIVAN, Appellant,

v.

AMERICAN SAW & TOOL COMPANY and the Workmen's Compensation Board, Appellees.

Court of Appeals of Kentucky.

Jan. 19, 1968.

Robert C. Carter, Carter & Meyers, Louisville, for appellant.

Wilton R. Long, Jr., Hamilton, Hopson & Hamilton, Louisville, for appellees.

WADDILL, Commissioner.

The Kentucky Workmen's Compensation Board decided that appellant failed to establish that he was disabled within the meaning of the Workmen's Compensation Act and therefore he was not entitled to an award of compensation. The circuit court affirmed. On this appeal it is contended that the Board's decision "is not supported by substantial probative evidence and is contrary to the uncontradicted testimony and the applicable law."

Appellant, twenty-eight years of age, was employed by the appellee, American Saw & Tool Company, from May 1963 to September 1964. His duties in this employment required him to daily inspect approximately 900 blades by placing them on a machine designed to reveal their defects. These blades were treated with a rust deterrent known as Kelite. Appellant was allergic to Kelite and this caused a condition to occasionally manifest itself on both forefingers and the middle finger of his right hand. Small blisters would appear on these fingers and when they healed the skin would become dry and hard. However, appellant was able to work and he lost no time from his job on this account. During September 1964 he became involved in a controversy with his foreman and apparently this quarrel resulted in his employment with appellee being terminated.

About a month thereafter appellant obtained a position with Brown and Williamson Tobacco Company at a substantially higher wage than he formerly received from appellee. This employment required him to supervise the work of approximately 75 people and to prepare certain records.

The change in employment and the complete withdrawal from Kelite has not as yet resulted in the cure of the rash on appellant's fingers. Appellant testified that the irritated condition of his fingers caused some pain when he used them. However, he frankly conceded that the condition of his affected fingers improved when he followed the medical treatment which was prescribed and he also admitted that he had neglected to follow his physician's advice.

Dr. M. T. Fliegelman, whose practice is limited to dermatology, testified that he had treated appellant's skin rash on numerous occasions and he described it as small, red, scaly eruptions on the skin of three fingers. Dr. Fliegelman was of the opinion that the condition was of neurodermatitic origin and that the rash would respond to treatment if appellant would follow the prescribed medical treatment. Dr. Fliegelman stated appellant's chances of having recurrences of the rash were much greater than those of the average person and that, while appellant may be bothered by the rash,

it is not disabling for the type of work that appellant was engaged in.

Appellant contends that the Board's finding is not supported by substantial evidence. This contention embodies an improper test to be applied in the instant case because it overlooks the fact that appellant had the burden of persuading the Board to decide in his favor. Since he failed to do so the Board's findings will not be disturbed unless a contrary finding is compulsory as a matter of law. Porter v. Goad, Ky., 404 S.W.2d 795; Lee v. International Harvester Company, Ky., 373 S.W.2d 418.

Appellant's claim for compensation was based on a skin condition that the Board (affirmed by the circuit court) found to be non-disabling. It was conclusively shown that no wages were lost during his employment with the appellee company. Hence, to entitle him to compensation appellant must convince this court that: (1) the evidence *requires* a finding that the rash disabled him in an occupational sense and, having lost no wages, that he was discharged by appellee because of such disability; or, (2) he must establish that the occupational disease he allegedly contracted in appellee's employment had impaired his capacity to perform his usual occupation. See Graves v. Merit Laundry & Dry Cleaning Co., Ky., 416 S.W.2d 736 and Leep v. Kentucky State Police, Ky., 366 S.W.2d 729.

The evidence falls far short of being of such conclusive character as to entitle appellant to an award of compensation as a matter of law. Moreover, there is a lack of convincing evidence that appellant was disabled or that he was fired as a result of contracting a skin rash. Neither did he establish to our satisfaction that his usual occupation requires him to work in industries where he would be further exposed to Kelite. In this connection there is nothing in this record that informs us as to composition of Kelite or that this substance is so generally used that appellant's future employment opportunities will be lessened.

A review of the record and the applicable law convinces us that the Workmen's Compensation Board and the circuit court correctly decided this case.

The judgment is affirmed.

All concur.