

J. Wood Vance, Jr., Glasgow, for appellant.

Maxey B. Harlin, Harlin, Parker, Ricketts, Lucas & English, Bowling Green, Thomas Emerson, John B. Breckinridge, Atty. Gen., Frankfort, for appellees.

STEINFELD, Judge.

This appeal is prosecuted from a judgment of the Hart Circuit Court entered January 30, 1968, affirming an opinion and order of the Workmen's Compensation Board which found the appellant to have a partial permanent disability of 50% to the body as a whole. We affirm.

**Willie Ray WILSON, Appellant,**

v.

**HART COUNTY STONE COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 18, 1968.

Willie Ray Wilson, while employed as a truck and shovel operator for the Hart County Stone Company, was seriously injured on December 10, 1965, in a fall from one of the company's trucks. He now complains of continuing hearing loss, dizziness, headaches, neck and wrist impairments. The appellant's sole contention is that the extent of his injuries required an award for *total* permanent disability.

Relying upon the testimony of several physicians, he asserts that the injuries suffered are extensive, permanent, and interfere seriously with his ability to function in his chosen field to such an extent that virtual total disability exists.

Appellee, interpreting the testimony somewhat differently, denies the extent and effect of the injuries complained of, and argues that the appellant has returned to his employment and is functioning in almost the same capacity as before the accident.

This court deems it unnecessary, in the face of the claimant's testimony on deposition given April 24, 1967, which is set forth below in part, to assess the various contentions in the briefs as to the precise extent and effect of the appellant's injuries. The interrogation was as follows:

"Q.152    I notice that you have worked your regular 40-hour week now for this entire period from what appears to be January 1, 1965, through April 15, 1967. Is that not true that you always worked your regular 40-hour week for each week you worked?

A.    All but those weeks I was off.

Q.153    How many weeks were you actually off after the injury?

A.    Oh, about four weeks."

*    *    *    *    *    *

"Q.229    And how many people run that shovel out there except you?

A.    No one.

Q.230    In other words, you have been doing all the shovel work?

A.    Yes."

*    *    *    *    *    *

"Q.237    And no one else does any of the loading except you out there?

A.    No.

Q.238    And you have been doing that for a year and a half, is that correct?

A.    Yes."

■ The application for adjustment of claim stated that Wilson returned to work on "March 22, 1966, but is having considerable difficulty with his work". The evidence shows that the claimant is functioning very much as before his fall, although suffering pain, disability, and some economic loss from lack of overtime work which he previously performed. The Board found:

"That as a result of the traumatic injuries sustained on December 10, 1965, the plaintiff suffered a period of temporary total disability from that date until March 22, 1966, or a period of 13⅗ weeks; and thereafter a permanent partial disability of 50% to the body as a whole, of which 10% is due to the deficiency in hearing, 10% due to the back sprain, and 30% due to the injury to wrist and arm. That all of said disability is the result of the traumatic injury * * *".

There was sufficient evidence of probative value to support the findings of the Board and its award, therefore, it must not be disturbed. Royal Jellico Coal Co. v. Cunningham, Ky., 411 S.W.2d 928 (1967); Wiard v. Ken-Wel, Inc., Ky., 419 S.W.2d 765 (1967) and Lookout Coal Co. v. Williams, Ky., 424 S.W.2d 591 (1968).

■ This court recently said in Allen v. Com., Dept. of Highways, Ky., 425 S.W.2d 283 (1968), in denying a claim for total occupational disability to one remaining in full time employment as was Wilson:

"* * * so long as a man actually continues, despite an occupational disease, to satisfy the requirements of his work it can hardly be found that he cannot do it. Whatever may be his physical ailment, it becomes a 'disability' only when in fact it results in a cessation or curtailment of performance. In this respect, the existence of disability is determined by an objective standard which we have held to be conclusive."

This rule disposes of the appellant's claim to an award for total permanent disability.

The judgment is affirmed.

All concur.