**ROYAL CROWN BOTTLING COMPANY, Appellant,**

v.

**Arthur BEDWELL, Special Fund and Workmen's Compensation Board of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Jan. 23, 1970.

Craft & Haynes, Hazard, for appellant.

William Melton, Hazard, Thomas R. Emerson, Dept. of Labor, Frankfort, for apppellee.

OSBORNE, Judge.

This is an appeal from the action of the Perry Circuit Court wherein that court modified an award of the Workmen's Compensation Board. The Board had entered an award for temporary total disability in favor of appellee, Arthur Bedwell, from June 30, 1967, the date of an alleged injury, to and including March 16, 1968. The circuit court removed the termination date of the award making it an open-end award giving as its reason for doing so a finding that the termination date was not justified under the medical testimony. We are of the opinion the judgment of the circuit court should be reversed.

Appellee, a truck driver and delivery man for Royal Crown Bottling Company, alleged that on June 30, 1967, while loading cases of soft drinks, he injured his back. This was the third back injury appellee had received and for which he had made application for compensation since 1961. For this reason the doctors encountered considerable difficulty in attempting to determine the nature and extent of the injury. Four doctors testified. A summary of their testimony is as follows:

Dr. Dana Snyder testified that in his opinion the claimant was totally disabled and had reached his maximum recovery unless he had surgery.

Dr. Kenton Leatherman testified that in his opinion claimant in his present state was unable to return to manual labor as a full-time truck driver. Dr. Leatherman advised that claimant carry out a rigid conservative treatment program.

Dr. Eugene Q. Parr testified that there was no permanent impairment as a result of the alleged injury and further stated that with proper performance of strengthening exercises for the lower back he would feel that this patient should be able to return to his usual type of duty within a month. At another point in his testimony, Dr. Parr testified that it was his opinion that claimant was able to return to his usual occupation as of the date of his examination.

Dr. Robert L. Keisler was appointed by the Board pursuant to KRS 342.121 to examine the claimant and report to the Board. His report in part reads as follows:

"This man is extremely difficult to evaluate. He does have symptoms and could possibly have some problem, however, he greatly over reacts even to tests which are not related to the subject matter. By far the most dominant finding is over reaction and I interpret this as hysteria rather than malingering. X-rays of the lumbar spine revealed no evidence of

any significant problems, certainly none that would produce the symptoms that he describes. It is certainly possible that he can have mild disability even though the X-rays are normal. There apparently was a previous episode within the year before June of 1967, indicating that whatever problem he has pre-existed the event and therefore this would be considered a recurrence. I would have considered him partially disabled for heavy work prior to June of 1967, because of that previous recent episode and certainly would have anticipated the return of symptoms even without stress. I don't feel that I am in a position at this time to estimate the degree of disability or its origin. It is possible that he has an arthritic condition such as ankylosing spondylitis, however, it requires a further delay to make this distinction. I think it would be best to wait another year to try and make an evaluation unless it becomes possible to examine him without this over reaction which obscures physical findings. At the present time, I would be inclined to feel that he is not very disabled."

Upon the basis of the foregoing testimony the Board found that claimant did on June 30, 1967, suffer a compensable injury and as a result of the injury he was temporarily disabled from June 30, 1967, to and including March 16, 1968, and thereafter had no disability by reason of his injury in 1967.

From this award the claimant appealed to the circuit court. The circuit court modified the award by striking the termination date of March 16, 1968. The court in its opinion recites that the testimony of Dr. Parr was speculative and did not contain sufficient probative value to warrant the Board in terminating the award on March 16, 1968. We disagree. Dr. Parr testified rather positively that in his opinion claimant was sufficiently recovered to return to work on the date of the examination. When this is considered in light

of Dr. Keisler's report that the X-rays revealed no evidence of a significant problem, we are of the opinion the Board was justified in terminating the disability at the time it did. Just as awards must be made upon the basis of relevant medical testimony they must also be terminated upon the same testimony. As the Board found against appellee who had the burden of proof and the risk of not persuading the Board in his favor the only issue before the circuit court was whether appellee's proof was so strong as to compel a finding in his favor or, stated in another way, so persuasive it was clearly unreasonable for the Board not to be convinced by it. McDowell Memorial Hospital v. McCoy, Ky., 407 S.W.2d 717 (1966). We are of the opinion the Board was justified under the testimony in closing the award at the end of its likely duration based upon competent medical evidence, however, in the event of a change in condition, the parties will have resort to reopening under KRS 342.125(1). Holland v. Childers Coal Co., Ky., 384 S.W.2d 293; Johnson v. Elkhorn & Jellico Coal Co., Ky., 422 S.W.2d 886 (1968).

Judgment reversed.

All concur.