Betty McKENZIE, Appellant,

v.

KENTUCKY APPALACHIAN INDUS-
TRIES, INC., et al., Appellees.

Court of Appeals of Kentucky.

April 24, 1970.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

J. K. Wells, Paintsville, for Appalachian Industries, Inc., and another.

Martin Glazer, Dept. of Labor, Frankfort, for John W. Young, Commissioner of Labor.

REED, Judge.

The Workmen's Compensation Board denied appellant's claim for compensation benefits. This determination was appealed to the circuit court and that court affirmed the Board's decision. The appellant urges that she was entitled to an open-end award subject to be reopened at such time as the extent of permanent partial disability can be ascertained. In our view, we are unauthorized to disturb the decision of the Board.

Appellant, Betty McKenzie, a 32-year-old sewing machine operator, alleged that she sustained a work-connected injury on October 4, 1967. It appears that in 1962 appellant was involved in an automobile accident and sustained a personal injury to her right arm. Both bones in her right arm were fractured and an open reduction was performed during which a metal plate was implanted to immobilize the fracture site.

On October 10, 1967, appellant consulted Dr. William C. Roland, an orthopedic surgeon, because of a deformity of her right forearm and because of increasing difficulty in using the arm. In her initial history to Dr. Roland, appellant mentioned only the 1962 automobile accident. Dr. Roland testified that appellant's disability resulted from an ununited fracture of both bones of the right forearm.

On October 20, 1967, Dr. Roland performed an operation on the arm; bone was grafted with plating and pin fixation employed to repair and rehabilitate the fracture site. According to appellant's evidence, she sustained a fall on or about October 4, 1967, while working as a sewing machine operator in her employment. It was appellant's theory, advanced at the compensation proceedings, that the fall broke the metal plate and thereby caused her disability.

The Board appointed a physician under the provisions of KRS 342.121, but his report was inconclusive and unresponsive on the issues of prior injury, disability and apportionment. He did find that Dr. Roland's operation had secured a good result. The only medical evidence other than the unresponsive report of the board-appointed physician is that of Dr. Roland whose testimony was introduced by the appellant.

Appellant's counsel during the course of his examination of Dr. Roland inquired as follows:

"Q. The breaking of the pin and plate then prior to when you saw her in October, 1967, is the cause of whatever disability she may have in the future then; is that right?

"A. No, I wouldn't put it that way. I think the plate broke because the bones were not united, and the plate and screws simply were not strong enough to allow normal activity, and metal will eventually give away, if there is no bony support."

The Board found that appellant had failed to demonstrate that the accidental fall that occurred during her work was the cause of her subsequent disability. The Board did, however, direct the employer to pay the cost of replacing the metal plate. The employer did not question the imposition of this expense upon it by the Board.

It is axiomatic that workmen's compensation acts are designed to compensate for disability and not for injury. Therefore, if it be conceded that the fall which appellant sustained in October, 1967, while at work injured her, that injury must constitute a cause of subsequent disability before appellant is entitled to receive workmen's compensation benefits. Her own medical evidence is to the effect that the cause of her disability is unrelated to the work-connected event. At least the Workmen's Compensation Board so found,

and its finding is supported by substantial evidence.

■■ Where the Board finds against the claimant, the only issue on judicial review is whether the claimant's proof was so strong as to *compel* a finding in his favor—so persuasive that it was clearly unreasonable for the Board not to be convinced of it. See for example Semet-Solvay Division of Allied Chemical Corporation v. Workmen's Compensation Board, Ky., 410 S.W.2d 405. In this state of record, it appears that the finding that the work-connected event was not a cause of subsequent disability is supported by substantial evidence. Therefore, we are unauthorized to disturb the Board's determination and the circuit court correctly applied the principles of judicial review that governed this case.

The judgment is affirmed.

All concur.