**Johnny HUNTER, Appellant,**

v.

**GREAT LAKES CONSTRUCTION COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

May 28, 1971.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Harris S. Howard, Prestonsburg, Martin Glazer, Dept. of Labor, Frankfort, for appellees.

NEIKIRK, Judge.

Johnny Hunter filed an application for adjustment of claim with the Workmen's Compensation Board, alleging that he became totally and permanently disabled as a result of a work-connected back injury on December 10, 1968. Great Lakes Construction Company, Hunter's employer, was named as defendant. In the proceedings the Board made the Special Fund a party-defendant because of previous injuries sustained by Hunter. The Board in its opinion and award concluded that Hunter had a permanent partial disability of 50%; that 30% was attributable to a disability that

existed prior to December 10, 1968, and for which no compensation should be paid; that 10% was due to the traumatic injury on December 10, 1968, for which the employer should pay compensation; and 10% was attributable to the arousal of a pre-existing, dormant nondisabling disease condition into disabling reality, for which the Special Fund should pay compensation. Hunter appealed, and the circuit court affirmed the Board's award. Hence, this appeal. We affirm.

Appellant suffered a back injury in 1957. The injury resulted in a spinal fusion in 1958. His back was injured again in 1962. Following the second injury he was disabled and drew social security disability benefits until sometime in 1965. Thereafter, he returned to work as a laborer and continued to work until the December 10, 1968 injury. Appellant contends that he is now totally and permanently disabled as a result of his last injury.

The medical testimony ranged from one extreme to another. The estimates of disability extended from total permanent to permanent partial to no permanent disability.

Doctor Fischer, who was appointed by the Board, concluded in his report that the appellant had a 40% permanent partial disability to the body as a whole. He attributed 30% to the prior injuries, which he described as a prior, active manifest condition. He attributed 5% to the 1968 injury and 5% to the arousal and aggravation of the injuries of 1957 and 1962 by the 1968 injury. The exceptions by the appellant to Dr. Fischer's report were overruled.

The Board in its award said:

"* * * The medical testimony is conflicting. We have adhered to the medical findings of Dr. Fischer in this opinion; however, the record as a whole has been considered in our translation of Dr. Fischer's functional estimates of disability into terms of occupational disability and impairment. * * *"

* * * * * *

"As a result of the traumatic injury sustained on December 10, 1968, the plaintiff has suffered a permanent partial disability from an occupational standpoint to the extent of 20% to his body as a whole, of which disability 10% (and/or one half) is due solely to the traumatic injury of said date, and 10% (and/or one half) is due to the arousal of a pre-existing, dormant, non-disabling disease condition into disabling reality as a result of said injury."

The Board considered all the testimony and the evidence of the doctors, including Dr. Fischer's report. There were conflicts in the evidence as to the extent of appellant's disability, and it was the duty of the Board to resolve these conflicts and to reach a decision.

The Board found that the appellant did not have total and permanent disability. The appellant had the burden of proof and the risk of persuading the Board in his favor. In Royal Crown Bottling Company v. Bedwell, Ky., 449 S.W.2d 767, we said:

"* * * As the Board found against appellee who had the burden of proof and the risk of not persuading the Board in his favor the only issue before the circuit court was whether appellee's proof was so strong as to compel a finding in his favor or, stated in another way, so persuasive it was clearly unreasonable for the Board not to be convinced by it. * * *"

To the same effect are McKenzie v. Kentucky Appalachian Industries, Inc., Ky., 453 S.W.2d 536, and Butcher v. Island Creek Coal Company, Ky., 465 S.W.2d 49.

The Board was not persuaded that appellant had sustained total and permanent disability. We find that the evidence of total and permanent disability as presented by the appellant is not so strong as to require the Board to be persuaded by it.

The judgment is affirmed.

All concur.