**Carl L. HUMBERT, Appellant,**

v.

**DEALERS TRANSPORT COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

June 23, 1972.

H. Solomon Horen, Louisville, for appellant.

Brown, Todd & Heyburn, Charles S. Cassis and C. Edward Glasscock, Louisville, for appellees.

Gemma M. Harding, Louisville, for Special Fund.

CULLEN, Commissioner.

Carl L. Humbert filed a claim against his employer, Dealers Transport Company, seeking workmen's compensation benefits for disability claimed to have resulted from an accident in the course of his employment. Since there was a claim that the injury aroused a preexisting, dormant, non-disabling disease condition, the Special Fund was made a party. The Workmen's Compensation Board awarded Humbert compensation for a period of temporary disability, but dismissed his claim for permanent disability, finding that he had no permanent disability attributable to the accident. Humbert's appeal to the circuit court resulted in a judgment affirming the board's order. We have Humbert's appeal from that judgment.

The accident occurred on April 14, *1964*. Proceedings on the claim were abated pending disposition of a common-law action Humbert had brought against a third party. As a result, the board's decision was not made until March *1970*. In the meantime, Humbert continued in the employment of Dealers Transport, except for an initial few months of temporary disability followed by a period of a couple of months of layoff due to a labor controversy.

Humbert was injured in a collision when he was driving a tractor-trailer unit, hauling new automobiles, for his employer. He sustained a compound fracture of the right little finger, a multiple rib fracture on the left side, and a fractured left clavi-

cle. At the time of the hearing on his claim the residual effects of the injuries consisted of stiffness in the left shoulder and arm, diminished strength in the left arm, and impaired mobility of the left arm and shoulder. In addition a previously existing condition of bronchiectasis had worsened, and he claimed that his was due to the accident. However the board found, with ample support in the evidence, that the worsening of the bronchiectasis condition had no causal connection with the accident, so that condition is eliminated from consideration.

The evidence established with reasonable certainty that Humbert was at least partially disabled from performing *heavy* manual labor. At the same time, the evidence fully warranted the conclusion that he had no disability, attributable to the accident, from performing work not involving *heavy* manual labor. The main dispute in the case involves the question of whether Humbert was in an occupational classification requiring heavy manual labor. He maintained that he was; the board in effect found that he was not. This is a significant issue because this case is governed by the law prevailing prior to Osborne v. Johnson, Ky., 432 S.W.2d 800, the instant claim having been filed before the applicability date of Osborne v. Johnson.

For some six months prior to the accident Humbert had been driving tractor-trailer units used for hauling new automobiles. *This work involved heavy manual labor*, and Humbert maintains that this was his regular occupation. However, there was good evidence that it was not. This evidence was that from 1961 until six months before the accident Humbert's job was driving "saddlemount" units, which did not involve heavy labor; he was on the saddlemount "list" on the employment records; and he was temporarily transferred, at his request, to driving tractor-trailer units because there was a period of

lack of work in the saddlemount department and he had enough seniority to hold a tractor-trailer job during that period.

We think the situation here is comparable to those in American Tobacco Company v. Sallee, Ky., 419 S.W.2d 160, Graves v. Merit Laundry & Dry Cleaning Company, Ky., 416 S.W.2d 736, Everidge v. Nickells Coal Company, Ky., 394 S.W.2d 449, and Phillip Morris Tobacco Company v. Levan, Ky., 459 S.W.2d 73, where claims that employees had specialized occupational classifications were rejected.

The determination that Humbert's occupational classification was not that of a tractor-trailer driver renders inapplicable the line of cases beginning with E. & L. Transport Company v. Hayes, Ky., 341 S.W.2d 240, which laid down a rule governing situations in which the worker is totally disabled from performing the work of his regular occupational classification. And since Osborne v. Johnson does not apply, there is no authority for making some allowance, despite the absence of any reduction of immediate earning capacity, for a probable future impairment of earning capacity based on an injury of appreciable proportions.

The evidence was that Humbert had continued, beginning a few months after the accident and extending through the hearing on his claim (a period of close to six years), to perform the duties of a saddlemount-unit driver; that he successfully had passed the annual physical examinations required by his employer and those required by the Interstate Commerce Commission; and his earnings had been equal to or greater than those before the accident. This evidence warranted the conclusion that he had sustained no permanent occupational disability.

The judgment is affirmed.

All concur.