Cleveland JOHNSON, Appellant,

v.

**GUM BRANCH COAL COMPANY et al., Appellees.**

Court of Appeals of Kentucky.

March 25, 1977.

Robert J. Greene, Paintsville, for appellant.

William G. Francis, Francis, Kazee & Francis, Prestonsburg, for Gum Branch Coal Co.

Gemma M. Harding, Louisville, Kenneth E. Hollis, Dept. of Labor, Frankfort, for Special Fund and George R. Wagoner, Acting Commissioner of Labor.

Before HOWARD, LESTER and PARK, JJ.

LESTER, Judge.

This appeal found its origin in Cleveland Johnson's application for adjustment of his

claim for workmen's compensation occasioned by his alleged contraction of pneumoconiosis while in the employment of appellee, Gum Branch Coal Company. The Special Fund was joined as a party defendant.

On October 16, 1974, the case was assigned for a hearing at the conclusion of which the hearing officer entered the following order:

Plaintiff's evidence in chief heard in part and he is given thirty days hereafter to complete by depositions. At the conclusion of plaintiff's proof this case shall be redocketed for defendants proof.

Within the time prescribed, appellant took the deposition of Dr. E. E. Musgrave, a general practitioner, and requested and received additional time in which to adduce further medical testimony but he never availed himself of that opportunity until some ten months later.

By notice of January 6, 1975, the Workmen's Compensation Board advised the attorneys and the parties that the claim had been assigned for a second hearing on January 15, 1975, at which time there was no appearance on behalf of appellant but counsel were present for appellees, Gum Branch Coal and the Special Fund. On the last mentioned date, the Hon. Gerald Jones, Hearing Officer, entered a field order which said, in part:

Counsel for defendant announced he was not ready for trial but would complete his case by depositions and the parties are given the following number of days to complete by depositions: defendant 30 days thereafter; plaintiff 5 days thereafter for rebuttal.

We specifically note that deleted from the hearing officer's printed form of field order were the words "plaintiff 30 days" immediately after the word "depositions;" and prior to the phrase "defendant 30 days etc." At this stage, our view of the record is that the claimants' time for the production had expired and the case had been reassigned for defendants' proof which they were not ready to offer at the second hearing. This being true then the appellees had to and

including February 14, 1975, to introduce their evidence. Appellee, Special Fund, would have us believe to the contrary when it states at page three of its brief:

A second hearing was held in this matter on January 15, 1975. A Field Order from this hearing officer who presided at this January 15, 1975 hearing (36) gave the claimant 30 days to February 15, 1975 for proof time and the defendants 30 days thereafter to March 15, 1975 with 15 days rebuttal time thereafter for the claimant.

The appellee must have a different copy of the field order than we have for the claimant was not given 30 days to complete nor 15 days for rebuttal.

On March 17, 1975, the Special Fund moved the Board for an extension of time to April 14, 1975, in which to conclude its depositions and on that same date, Johnson filed his brief and motion to submit the claim for judgment. By order of March 31, 1975, the Board *submitted* the case for opinion and judgment and allowed the parties time to file briefs. On March 20, 1975, the Special Fund mailed the usual notice of the taking of the deposition of Dr. William H. Anderson on April 4, 1975, which it did and which appellant did not attend assigning as his reason therefor, in his motion to strike the deposition, that he

. . . naturally assumed that because of the Board's order submitting the case, that the Fund would not take the deposition of Dr. Anderson on April 4 and for that reason did not make any appearance and was deprived thereby of cross-examining Dr. Anderson.

On June 2, 1975, the Board overruled Johnson's motion to strike the Anderson evidence because on April 28, 1975, an order was entered setting aside the previous entry of submission and extending the time in which the Special Fund had to complete its evidence. Appellees took two depositions of medical witnesses and after submission for judgment, the Compensation Board entered its final order on November 24, 1975, dismissing appellant's claim because:

The plaintiff has failed to sustain his burden of proof and/or persuasion to the

effect that he is affected with the occupational disease of pneumoconiosis and/or is disabled thereby.

■ On this appeal, the plaintiff below complains that the Board erred in ordering the claim withdrawn from submission and permitting the Special Fund to go forward with its evidence and in further failing to strike the evidence of Dr. Anderson because Johnson was deprived of his right of cross-examination. If appellant were to prevail before this Court, it would have the effect of submitting his case without opportunity for the appellees to present any medical evidence whatsoever.

Appellant directs our attention to *Collista Coal Company, Inc. v. Castle,* Ky., 407 S.W.2d 719 (1966) in support of his argument that the April 28, 1975, order of submission could not have been withdrawn but we are not persuaded by that decision for in that case, the Board had entered an award which had become final while in the case before us no conclusive determination was made in the claim until November of 1975. Our reasoning finds support in 2 *Am.Jur.2d* Administrative Law § 590 at 420 (1962);

> Courts are averse to review interim steps in an administrative proceeding, and it appears to be the universal rule that appeal to the court will not lie from an interlocutory order unless such order affects the merits.

> Whether review is sought in nonstatutory or statutory proceedings, review of preliminary or procedural orders is generally not available, at least if they are purely preliminary or procedural, prior to entry of a final order in the proceeding, primarily on the ground that such a review would afford opportunity for repeated delays in the course of administrative proceedings for the purpose of reviewing mere procedural requirements or interlocutory directions. Even though a statute broadly provides for review of an "order" it is held not to apply to mere preliminary or procedural, as distinguished from final, orders.

See also 73 *C.J.S.* Public Administrative Bodies and Procedures § 230 at 602 (1951).

In discussing informality of rules as to pleadings and process Professor Larson's views may be found at 3 *Larson's Workmen's Compensation* § 78.11 at 15–15 (1976):

> Since the purpose of the informality rule in compensation procedure is not merely to prevent the defeat of claims by technicalities but also to simplify and expedite the achievement of a substantially just result, it should also be applied in proper cases for the benefit of the employer or insurer.

If we were to adopt appellant's position, a substantially unjust result would be reached for it would serve to preclude the appellees from introducing any medical evidence whatsoever. Moreover, we know of no rule which would prevent the Workmen's Compensation Board from setting aside its order of submission for judgment prior to the rendering of its final order or award.

■ Cleveland Johnson further complains that he was denied his right to cross-examine Dr. Anderson but the record reflects that counsel for the Special Fund mailed notice of that deposition to appellant on March 20, 1975, reciting therein that some fifteen days later the doctor's testimony would be taken and it was appellant who elected not to attend. We also note that the claimant had ample opportunity to adduce testimony from the witness as if upon cross-examination but he failed to pursue that avenue of approach. We do not intend to imply that a party should be required to attend depositions in the absence of a specific order, especially at extensive expense and travel, after the Board has ordered a claim submitted for opinion and judgment for an intolerable practice could develop wherein litigants would continue to take testimony at a time when they should be briefing their respective cases.

■ Appellant had the burden of proving by evidence of probative value which should have been so conclusive as to compel a finding in his favor and in this respect, he failed. The Board made findings of fact in

favor of the appellee and the Courts will not disturb such findings. *McDowell Memorial Hospital, et al, v. McCoy, et al*, Ky., 407 S.W.2d 717, 718 (1966) and *Royal Crown Bottling Company v. Bedwell, et al*, Ky., 449 S.W.2d 767, 769 (1970).

The judgment is affirmed.

All concur.